# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  CRIMINAL ACTION NO. 6:98-cr-00111

THOMAS JERECKI,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's request for the Court to determine whether Defendant is eligible for a sentence reduction—pursuant to 18 U.S.C. § 3582(c)(2)—based on the November 1, 2014 adjustment in the applicable sentencing guideline. (ECF 76 at 5–6.) On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines applicable to drug trafficking offenses under Section 2D1.1. The guideline reduction was given retroactive effect. However, any order reducing the Defendant's term of imprisonment must have an effective date of November 1, 2015, or later.

The Court received and considered a memorandum from the Probation Office regarding Defendant's eligibility for a sentence reduction pursuant to the November 1, 2014 amendments to the Sentencing Guidelines. By its order, dated April 29, 2015 (the "Order"), the Court designated this case for Standard consideration. (ECF 79.) Pursuant to the Order, the United States filed its briefing regarding Defendant's eligibility for a sentence reduction on April 29, 2015. (ECF 80.) Defendant subsequently filed his briefing on this topic on May 8, 2015. (ECF 81).

As noted by the parties and the probation officer, Defendant was sentenced as a career offender.[1] (ECF 81 at 1; *see* ECF 80.) For this reason, Defendant's sentencing range is unchanged as a result of the November 1, 2014 Sentencing Guidelines amendment and he is not eligible for a reduction of his sentence. (ECF 80 at 1; ECF 81 at 1.)

As such, the Court **FINDS** that Defendant is ineligible for a sentence reduction—pursuant to 18 U.S.C. § 3582(c)(2)—based on the November 1, 2014 amendments to the Sentencing Guidelines.[2]

**IT IS SO ORDERED**.

---

[1] The sentencing court also calculated Defendant's adjusted offense level as 37 based on its determination that Defendant qualified as a career offender. (*E.g.*, ECF 37 at 28:11–13.)

[2] On April 11, 2014, Defendant filed a Motion to the Sentencing Court for a Recalculation of a Sentence that was Deficient for Not Granting Petitioner His Three-Points for Acceptance of Responsibility at the Time of Sentencing (the "First Motion for Recalculation"). (ECF 76.) Subsequently, on June 2, 2014, Defendant filed a Motion as to Granting Three-Point Acceptance of Responsibility Pursuant to United States Sentencing Guidelines § 3E1.1(a) (the "Second Motion for Recalculation"). (ECF 77.) To date, the United States has not filed a responsive briefing to these motions.

In both of these motions, Defendant argues that the sentencing court failed to apply a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 in the Sentencing Guidelines analysis. (ECF 76 at 1–6; ECF 77 at 1–3.) Defendant requested that the Court hold in "abeyance" the determination as to whether the sentencing court applied a three-level reduction for acceptance of responsibility until after the Court determined whether Defendant is eligible for a sentence reduction based on the November 1, 2014 amendments to the Sentencing Guidelines. (ECF 76 at 5–6.) As the Court finds that Defendant is ineligible for a sentence reduction pursuant to the November 1, 2014 amendments, Defendant's motions regarding acceptance of responsibility are now ready for disposition.

The record reflects that Defendant's probation officer recommended that the court apply a three-level reduction for acceptance of responsibility in Defendant's presentence report. (ECF 47 ¶¶ 19–20.) During Defendant's sentencing hearing, the court agreed with the probation officer's recommendation and gave Defendant a three-level reduction for acceptance of responsibility. (ECF 37 at 30:9–11.) This reduced Defendant's offense level from 37 to 34 with a new Guidelines sentencing range of 262 months to 327 months. (*Id.* at 30:9–16.) The court then sentenced Defendant at the bottom of this range—262 months of incarceration. (ECF 29.) As such, contrary to Defendant's arguments, he did receive a three-level reduction for acceptance of responsibility at sentencing.

Accordingly, the Court **DENIES** the Second Motion for Recalculation, (ECF 77), and the First Motion for Recalculation, (ECF 76), insofar as it requests that the Court recalculate Defendant's sentence to include a three-level reduction for acceptance of responsibility.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 4, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE