IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS JERECKI,

    Petitioner,

v.             CIVIL ACTION NO. 2:16-cv-05817
                (Criminal No. 6:98-cr-00111)

UNITED STATES OF AMERICA,

    Respondent.


**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Petitioner Thomas Jerecki's motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (the "§ 2255 Motion"). (ECF No. 90.) Also before the Court is Petitioner's Motion to Hold § 2255 Filing in Abeyance. (ECF No. 91.) On June 29, 2016, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition ("PF&R"). (ECF No. 94.) Magistrate Judge Eifert filed her PF&R on December 6, 2017, recommending that this Court deny as untimely Petitioner's § 2255 Motion, deny as moot the motion to hold his § 2255 Motion in abeyance, and dismiss this action with prejudice. (ECF No. 113.) Petitioner filed timely objections to the PF&R on December 7, 2017. (ECF No. 114.)

  For the reasons that follow, the Court **OVERRULES** Petitioner's objections, (*id.*), **ADOPTS** the PF&R, (ECF No. 113), **DENIES** as untimely Petitioner's § 2255 Motion, (ECF No.

1

90), **DENIES AS MOOT** the Motion to Hold § 2255 Filing in Abeyance, (ECF No. 91), **DISMISSES** this case, and **DIRECTS** the Clerk to remove this matter from the Court's docket.

## I. BACKGROUND

On December 14, 1998, Petitioner was sentenced to a term of imprisonment of 262 months followed by a five-year term of supervised release for his conviction on one count of conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. (*United States v. Jerecki*, No. 6:98-cr-00111, ECF No. 29.) As noted in the transcript from Petitioner's sentencing, the Court found that Petitioner was a career offender because he had "a prior crime of violence and a prior drug conviction." (ECF No. 37 at 26, 28.) Specifically, Petitioner had prior convictions in California for possession of a controlled substance, theft by force and fear, and assault with a deadly weapon. (*See* ECF No. 47 at 11–12.) The Court adopted the Presentence Investigation Report's application of the career offender enhancement pursuant to United States Sentencing Guidelines Section 4B1.1 and sentenced him at the bottom of the Guideline range. (*See id.* at 9; ECF No. 37 at 32.)

Petitioner appealed the Court's judgment, alleging "that he was not informed that he could be sentenced as a career offender before he entered a guilty plea." *United States v. Jerecki*, No. 98-4917, 1999 WL 98248, at *1 (4th Cir. Oct. 29, 1999) (per curiam). The Fourth Circuit affirmed Petitioner's sentence. *See id.* (noting that the defendant did not object to his career offender status from the presentence report and finding that "the district court is not required to inform the defendant what the sentencing guideline range will be before accepting his guilty plea"). (*See also* ECF Nos. 48, 49.) Almost a year later, Petitioner filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 alleging various constitutional violations. (ECF No. 51.) The

2

Court dismissed that § 2255 petition, and the Fourth Circuit subsequently dismissed Petitioner's appeal and denied a certificate of appealability. (ECF Nos. 64, 71, 73.)

Petitioner filed the instant second or successive § 2255 Motion on June 27, 2016.[1] Therein, he asserts that the Supreme Court's *Johnson* decision, *see Johnson v. United States*, 135 S. Ct. 2551 (2016), invalidates Petitioner's status as a career offender "because his prior convictions for theft by force or fear and assault with a deadly weapon in California no longer qualify as crimes of violence under any portion of the career offender definition." (*See* ECF No. 90 at 1, 4–14.) The United States filed a response on October 31, 2016, (ECF No. 107), and Petitioner later filed his reply on December 29, 2016, (ECF No. 108). On March 23, 2017, Petitioner filed a supplemental memorandum in support of his § 2255 Motion in light of the Supreme Court's ruling in *Beckles*, *see Beckles v. United States*, 137 S. Ct. 886 (2017), arguing that the holding in that case only applies to the current advisory Sentencing Guidelines and not the previous, mandatory version under which Petitioner was sentenced. (ECF No. 109.) The United States responded to Petitioner's supplemental memorandum on May 10, 2017, (ECF No. 111), and Petitioner filed a reply on May 24, 2017, (ECF No. 112). The issuance of the PF&R followed.

## II. PF&R AND OBJECTIONS

Magistrate Judge Eifert's recommendation that the § 2255 Motion be denied is based on her finding that this Court is constrained by the Fourth Circuit's holding in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), in which the Fourth Circuit explicitly rejected the argument Petitioner advances here. The Magistrate Judge explained the holding of *Johnson*, where the Supreme Court "found that the catchall definition of 'violent felony' contained in the [Armed

---

[1] The Fourth Circuit granted Petitioner's motion for authorization to file a second or successive § 2255 motion the same day. (ECF No. 93.)

3

Career Criminal Act's ("ACCA")] residual clause was unconstitutionally vague because it left too much uncertainty as to what acts and crimes would qualify as violent felonies." (ECF No. 113 at 3 (citing 18 U.S.C. § 924(e)(2)(B); 135 S. Ct. at 2557–58).) Magistrate Judge Eifert then discussed the Supreme Court's subsequent decision in *Beckles*, wherein the Supreme Court "determined that the residual clause in the Guidelines was not unconstitutionally vague" and that the holding in *Johnson* did not extend to invalidate the advisory Sentencing Guidelines. (*Id.* at 4 (citing 137 S. Ct. at 892).)

After noting that it is unclear whether the Guidelines' residual clause[2] played a role in Petitioner's categorization as a career offender under Section 4B1.1, the Magistrate Judge found it irrelevant because the argument is foreclosed by the Fourth Circuit's determination in *Brown*. (*Id.* at 5–6 (citing 868 F.3d at 299).) *Brown* dictates that under *Beckles*, "the similarity of the residual clause in the Guidelines to the ACCA 'is not enough to bring a challenge within the purview of the right recognized by *Johnson*.'" (*Id.* at 7 (citing 868 F.3d at 303) ("Therefore, the Fourth Circuit held that at least for purposes of collateral review, courts must wait for the Supreme Court to rule that the residual clause in the mandatory version of the Guidelines is

---

[2] As used in Section 4B1.1, the Sentencing Guidelines formerly provided the following definition of "crime of violence":

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sentencing Comm'n 1998) (emphasis added); *see also Beckles*, 137 S. Ct. at 891 ("The clause beginning with "or otherwise" in this definition is known as the residual clause."). The Court notes that the current version of the Guidelines does not include the residual clause. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

unconstitutionally vague.").) Based on the Fourth Circuit's decision in *Brown*, the Magistrate Judge ultimately found that Petitioner's claim here is untimely under § 2255(f).[3]

Petitioner first objects "to the implication that he bears any burden of showing that this Court, in imposing his original sentence in 1998, utilized the residual clause of U.S.S.G. § 4B1.2(a)(2) in determining that he was a career offender." (ECF No. 114 at 1.) He argues that he has no obligation to do so under § 2255 and that "[i]t is enough that the residual clause may have been utilized." (*Id.* at 2.) Second, Petitioner objects to the recommendation that the § 2255 Motion be dismissed as untimely as it was filed within one year of *Johnson* and notes that the Fourth Circuit's decision in *Brown* is contrary to findings in other circuits and may be reheard or eventually appealed to the Supreme Court. (*Id.* at 2.) For the following reasons, the Court **OVERRULES** the objections.

### III. LEGAL STANDARD

The Court is required to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

---

[3] Section 2255(f) of Title 28 provides the following:

 (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

 (1) the date on which the judgment of conviction becomes final;

 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge "when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When a party does make objections, but the objections are so general or conclusory that they fail to direct the Court to any specific error by the magistrate judge, *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Failure to file a specific objection thus constitutes a waiver of the right to *de novo* review. *See* 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

## IV. DISCUSSION

Petitioner's first objection relates to the following two sentences within the PF&R: "In this case, Movant does not argue that he was sentenced as a career offender under the residual clause in the ACCA. Rather, Movant contends that the holding in *Johnson* extends to his case because he was sentenced under the identically-worded residual clause in the Guidelines." (ECF No. 113 at 3.) This passage, according to Petitioner, implies that he has a burden to show that the career offender enhancement applied at his sentencing was based on the residual clause in Guidelines Section 4B1.2(a)(2). (*See* ECF No. 114 at 1.) Petitioner contends, however, that as long as *Johnson* extends to invalidate the residual clause in the Guidelines' career offender section, "[i]t is enough that the residual clause *may have been* utilized" in designating him a career offender as district court judges are under no obligation to specify whether a career offender enhancement relies on the residual clause. (*Id.* at 1–2 (emphasis added).)

While the Court understands—without agreeing with—the potential implication to which Petitioner alludes, the Court need not digress into a discussion on this matter to resolve the § 2255

6

Motion. Even assuming such an implication can be drawn from the PF&R, the Magistrate Judge did not find that such a burden exists, nor did she state that Petitioner's failure to show that his career offender designation relied on the Guidelines' residual clause played a role in her recommendation to dismiss the § 2255 Motion. Petitioner concedes as much in his objections. (ECF No. 114 at 2 (noting that "the issue did not have any impact on the ultimate recommendation in the PF&R").) Thus, this objection "do[es] not direct the court to a specific error in the magistrate's proposed findings and recommendations" and does not necessitate *de novo* review. *Cf. Orpiano*, 687 F.2d at 47–48 (finding that the district court must conduct a *de novo* review when "objections specifically challenge[] the magistrate's proposed factual findings"). On that basis, the Court **OVERRULES** the first objection.

Petitioner's second objection relates "to the recommendation that his § 2255 petition be dismissed because it was untimely filed" as he filed it "within one year of the decision in *Johnson* . . . , which is all that is required for the petition to be timely filed." (ECF No. 114 at 2.) Petitioner recognizes that this Court is bound by the Fourth Circuit's decision in *Brown* but argues that *Brown* is contrary to the decisions of several other circuits. (*See id.* at 2.) For that reason, Petitioner advances the objection "to preserve the issue for further review." (*Id.* at 2–3.)

As Petitioner reasserts in his objections, the § 2255 Motion is reliant on the proposition that *Johnson* extends to the residual clause previously found in Guidelines Section 4B1.2(a)(2) at the time he was sentenced. (*See id.* at 2; ECF No. 90 at 1.) Nonetheless, the Fourth Circuit in *Brown* foreclosed that proposition and Petitioner's argument in support of his petition's timeliness. As noted above, *Johnson* held that the residual clause within the ACCA, *see* 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally void for vagueness and that any increased sentence

pursuant to that clause is a due process violation. *See* 135 S. Ct. at 2563. In *Beckles*, the Supreme Court refused to extend *Johnson* to invalidate the Guidelines' residual clause because the advisory nature of the Guidelines precludes them from being subject to a void for vagueness challenge under the Due Process Clause. *See* 137 S. Ct. at 895. *Johnson* and *Beckles* do not directly block the merit of Petitioner's current argument. *Beckles* relied on the advisory nature of the Guidelines in its decision not to find the residual clause therein unconstitutionally vague even though it was worded identically to the ACCA's residual clause found unconstitutionally vague in *Johnson*. *See id.* at 894–95. However, Petitioner was sentenced in 1998 when the Guidelines were binding on district courts. *See United States v. Booker*, 543 U.S. 220, 233–34 (2005). Thus, Petitioner's argument remained plausible post-*Beckles*.

Despite the unsettled progeny of cases across the country following *Johnson* and *Beckles*, controlling authority now directs this Court's decision. In *Brown*, the habeas petitioner insisted that the Fourth Circuit do the following:

> [E]xtrapolate a recognized right from *Booker*, *Johnson*, and *Beckles* . . . to challenge the pre-*Booker* mandatory Sentencing Guidelines as void for vagueness [] despite the fact that the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges.

868 F.3d at 300. In declining to do so, the Fourth Circuit held that it was bound by the procedural requirement of 28 U.S.C. § 2255(f), which did not allow the petitioner to proceed insofar as he relied on a right not "'recognized' in *Johnson* or another more recent Supreme Court case." *See id.* at 301–03. While conceding that the Supreme Court may agree with the petitioner's argument at some point in the future, the Fourth Circuit found that the Court had not done so at the time the § 2255 petition before them was filed. *Id.* at 303. Accordingly, the Fourth Circuit held that

8

Brown's motion was untimely pursuant to § 2255(f)(3). *Id.* ("We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court.").

As noted by the Magistrate Judge here, Petitioner's "precise argument" was rejected by the Fourth Circuit in *Brown*. (*See* ECF No. 113 at 6.) Consistent with this Court's discussion of *Brown* above, the PF&R correctly observed that "the Fourth Circuit held that at least for purposes of collateral review, courts must wait for the Supreme Court to rule that the residual clause in the mandatory version of the Guidelines is unconstitutionally vague." (*Id.* at 7.) The Court now finds that the PF&R did not err in following mandatory authority, which to this date has not been abrogated by the Fourth Circuit or the Supreme Court. Therefore, the Court also finds that because the Supreme Court has not recognized the right that Petitioner now advances, the § 2255 Motion is necessarily untimely pursuant to § 2255(f). As such, the Court **OVERRULES** Petitioner's second objection.

## V. CONCLUSION

For the foregoing reasons, the Objections are **OVERRULED**. (ECF No. 114.) The Court further **ADOPTS** the PF&R, (ECF No. 113), **DENIES** the § 2255 Motion, (ECF No. 90), **DENIES AS MOOT** the Motion to Hold § 2255 Filing in Abeyance, (ECF No. 91), and **ORDERS** that this case be **DISMISSED** and removed from the docket of the Court.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that

reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 2, 2018

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE